IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:10-CV-97-D

| | |
|---|---|
| LENDORA BLOUNT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon the parties' cross Motions for Judgment on the Pleadings. (DE's 43 & 45). The time for either party to file any further responses has expired, and the matter is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter is before the undersigned for the entry of a Memorandum and Recommendation. (DE-47). For the following reasons, it is HEREBY RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-43) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-45) be DENIED. Specifically, it is RECOMMENDED that the matter be remanded, pursuant to sentence six of 42 U.S.C. § 405(g), for more specific findings of fact as detailed below.

**Statement of the Case**

Plaintiff filed an application for Supplemental Security Income ("SSI") on January 26, 2006, alleging that she became unable to work on November 2, 2004. (Tr. 12). This application

1

was denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ"), who determined that Plaintiff was not disabled in a decision dated November 10, 2008. *Id.* at 12-21.

Plaintiff requested that the Social Security Administration's Office of Hearings and Appeals ("Appeals Council") review the November 10, 2008 decision on November 26, 2008. *Id.* at 7-8. On January 14, 2009, Plaintiff supplemented her request for review with additional evidence. Specifically, Plaintiff's counsel noted:

> In fact, every piece of evidence which should have mandated a finding by the ALJ that Ms. Blount was disabled was given similar treatment. For example, she testified that she had recently been approved for Medicaid, and a copy of the Medicaid approval is included with this letter, but the ALJ simply noted that he was not bound by the decision of another government agency.
>
> *Id.* at 144.

The Appeals Council denied Plaintiff's request for review on May 14, 2010, rendering the ALJ's determination as Defendant's final decision. *Id.* at 1-5. The new evidence submitted by Plaintiff was not specifically analyzed by the Appeals Council. Rather, the Appeals Council noted that: "we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council . . . the record does not provide a basis for changing the Administrative Law Judge's decision" *Id.* at 1-2. Plaintiff filed the instant action on August 2, 2010. (DE-7).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the

2

record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . .

42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process which must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers

3

whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).

Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the five-step evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 26, 2006. (Tr. 14). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: 1) a history of a cerebrovascular accident; 2) hypertension; 3) headaches; 4) tendonitis of the shoulder; and 5) an affective disorder. *Id.* During step three, however, the ALJ determined that these impairments were not severe enough to meet or medically equal any of the impairments listed in 20 CFR Part 404, Subpart P. Appendix 1. *Id.*

Specifically, the ALJ found:

> The claimant does not have disorganization of motor function or sensory or motor aphasia as required for a cerebrovascular accident to meet the relevant criteria in Listing 11.04. The claimant's hypertension has not resulted in any of the complications described in Listings 4.04, 2.02-2.04, 6.02, or 11.04. The claimant has not required continuing surgical management of her shoulder tendonitis as required for this condition to meet the relevant criteria in Listing 1.08. There are no Listing of Impairments criteria for headaches.
>
> The claimant's mental impairment does not meet or medically equal the criteria of Listings 12.02 or 12.04. In making this finding, the undersigned has considered whether the "paragraph B" criteria are satisfied. To satisfy the "paragraph B" criteria, the mental impairment must result in at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. A marked limitation means

4

more than moderate but less than extreme. Repeated episodes of decompensation, each of extended duration, means three episodes within 1 year, or an average of once every 4 months, each lasting for at least 2 weeks.

In activities of daily living, the claimant has mild restriction. In social functioning, the claimant has mild difficulties. With regard to concentration, persistence or pace, the claimant has moderate difficulties. As for episodes of decompensation, the claimant has experienced no episodes of decompensation of extended duration. Because the claimant's mental impairment does not cause at least two "marked" limitations or one "marked" limitation and "repeated" episodes of decompensation, each of extended duration, the "paragraph B" criteria are not satisfied.

The undersigned has also considered whether the "paragraph C" criteria are satisfied. In this case, the evidence fails to establish the presence of the "paragraph C" criteria. The record does not establish a residual disease process resulting in marginal adjustment, inability to function outside a highly supportive living arrangement, or complete inability to function dependently outside the home.

The claimant's conditions are not manifested by other clinical findings indicating a level of severity comparable to the criteria of the relevant Listings and, therefore, her conditions can not be found to medically equal the criteria of the Listing of Impairments.

The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B of the adult mental disorders listings in 12.00 of the Listing of Impairments (SSR 96-8p). Therefore, the following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the "paragraph B" mental function analysis . . .

 . . . the undersigned finds that the claimant has the residual functional capacity to perform medium work as deemed in 20 CFR 416.967(c) with push/pull, postural, manipulative, environmental, and mental restrictions.

The claimant can lift/carry 50 pounds occasionally and 25 pounds frequently. She can push/pull with her left upper extremity frequently but not constantly. She can not perform any tasks requiring climbing ladders, ropes, or scaffolds. She can perform overhead reaching with her left upper extremity occasionally. She can not perform tasks requiring more than

5

moderate exposure to workplace hazards such as unprotected heights and dangerous machinery. The claimant can understand and remember simple instructions. She can carry out simple instructions. She has the capacity for social interaction and she has the capacity to adjust to routine changes in the workplace . . .

After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms. However, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment . . .

The claimant testified that she was recently found eligible for Medicaid although that determination has not been documented in the record. In any event, the Administrative Law Judge notes that a determination of disability by another government agency is not binding on the Social Security Administration (20 CFR 416.904). Since the record does not establish the clinical and other findings on which that determination was based, the Administrative Law Judge gives no weight to that opinion . . .

*Id.* at 15-20.

The ALJ then proceeded with step four of his analysis and determined that Plaintiff was capable of performing her past relevant work as an assembler. *Id.* at 21. Accordingly, the ALJ ultimately determined that Plaintiff was not under a disability at any time through November 10, 2008. *Id.* at 21.

As noted above, after the ALJ's decision, Plaintiff submitted additional evidence to the Appeals Council. This additional evidence included an April 15, 2008, decision by the North Carolina Department of Health and Human Services ("NCDHHS") that Plaintiff qualified for Medicaid by virtue of meeting SSI standards found at 20 C.F.R. § 416. *Id.* at 146. This decision was also discussed by Plaintiff's counsel in her January 14, 2009 letter to the Appeals Council. (Tr. 144). The letter specifically requested that the Appeals Council consider this additional evidence during its review of the ALJ's decision. *Id.* at 143-145

6

The Appeals Council is required by 20, Code of Federal Regulation, Part 416.1470(b), to review certain decisions of an ALJ. In pertinent part, the regulation provides:

> (b) In reviewing decisions based on an application for benefits, if new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. In reviewing decisions other than those based on an application for benefits, the Appeals Council shall evaluate the entire record including any new and material evidence submitted. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.
>
> 20 C.F.R. § 416.1470(b). *See also*, Morrison v. Astrue, 2011 WL 1303651, * 4 (W.D.N.C. March 31, 2011).

When the Appeals Council incorporates new evidence into the administrative record, the reviewing court considers the record as a whole, including the new evidence, to determine whether the Commissioner's decision is supported by substantial evidence. Wilkins v. Sec'y of Health & Human Servs., 953 F.2d 93, 96 (4th 1991). Generally, the Appeals Council is not required to articulate a detailed assessment of any additional evidence submitted by a claimant.[1] Freeman v. Halter, 15 Fed. Appx. 87 (4th Cir. 2001)(unpublished); Hollar v. Commissioner of Social Sec. Admin., 194 F.3d 1304 (4th Cir. 1999)(unpublished). However, while detailed reasons for rejecting additional evidence which meets the Wilkins criteria may not be required by the Social Security regulations, some explanation is necessary to allow the court to conduct a meaningful review. Sapienaz v. Astrue, 2010 WL 3782014, * 4 (D.S.C. August 31, 2010). For example, the Fourth Circuit has held that a statement by the Appeals Council indicating "only that the additional evidence had been considered, was plainly deficient." Jordan v. Califano, 582 F.2d 1333, 1335 (4th

---

1 Courts in the Fourth Circuit, noting the tension between Wilkins and the unpublished decisions of Freeman and Hollar, appear to conflict regarding whether the Appeals Council must articulate the reasons for the assessment of or failure to assess additional evidence. *See*, Sapienaz v. Astrue, 2010 WL 3782014, * 4 (D.S.C. August 31, 2010).

Cir. 1978).

In <u>Melkonyan v. Sullivan</u>, the Supreme Court noted:

> [W]e [have] examined closely the language of § 405(g) and identified two kinds of remands under that statute: (1) remands pursuant to the fourth sentence, and (2) remands pursuant to the sixth sentence. The fourth sentence of § 405(g) authorizes a court to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." . . .
>
> The sixth sentence of § 405(g) . . . "describes an entirely different kind of remand." The district court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding. The statute provides that following a sentence six remand, the Secretary must return to the district court to "file with the court any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.
>
> <u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 97-98 (1991).

To merit remand, this evidence must meet the requirements of sentence six of 42 U.S.C. § 405(g) ("sentence six"). Sentence six permits remand "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). There are accordingly three distinct requirements under sentence six. *See, e.g.*, <u>Nuckles v. Astrue</u>, 2009 WL 3208685, at *4 (E.D.N.C. 5 Oct. 2009). First, the evidence must be new. Evidence is deemed new if it is not duplicative or cumulative of evidence already in the record. <u>Wilkins</u>, 953 F.2d at 96. Evidence that was available during the administrative hearing but not submitted does not qualify as new evidence. <u>Wilkins v. Sec'y of Health and Human Servs.</u>, 925 F.2d 769, 774, *rev'd on other grounds*, 953 F.2d 93 (4th Cir. 1991) (*en banc*).

Second, the evidence must be material. Evidence is material if there is a reasonable possibility that it would have changed the outcome. *See*, Wilkins, 953 F.2d at 96. Evidence is not material if it does not relate to the time period that was before the Commissioner. *See*, Edwards v. Astrue, 2008 WL 474128, at *9 (W.D.Va. February 20, 2008)("The [new records] do not relate back to the relevant time period as they were both done over 6 months after the ALJ rendered his decision.").

Third, there must be good cause for failing to submit the evidence earlier. This requirement for good cause was added by Congress in 1980. *See*, Social Security Disability Amendments of 1980, P.L. 96-265 § 307, 94 Stat. 441 (1980). The courts have recognized that Congress' intent was to permit remands pursuant to sentence six on a very limited basis. Rogers v. Barnhart, 204 F.Supp.2d 885, 892 (W.D.N.C. 2002) (" 'Congress made it unmistakably clear' that it intended to limit remands for 'new evidence.' ")(*quoting* Melkonyan v. Sullivan, 501 U.S. 89, 99-100 (1991)). The burden of showing that the good-cause and other requirements of sentence six are met rests with the claimant. *See*, Fagg v. Chater, 106 F.3d 390, 1997 WL 39146, at *2 (4th Cir. Feb. 3 1997).

Notably, however, "[w]hen a claimant seeks to present new evidence to the Appeals Council, she is not required to show good cause for failing to present the evidence earlier." Wilkins, 953 F.2d at 96 n. 3.

Thus, the undersigned must determine whether the additional evidence submitted by Plaintiff was "new and material." Social Security Ruling 06-03p states:

> Our regulations at 20 CFR 404.1527(e) and 416.927(e) make clear that the final responsibility for deciding certain issues, such as whether you are disabled, is reserved to the Commissioner (see also SSR 96-5p, "Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner"). However, we are required to evaluate all the evidence in

9

> the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies (20 CFR 404.1512(b)(5) and 416.912(b)(5)). Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.
>
> SSR 06-03-p.

Thus, while the NCDHHS decision is not binding on the Defendant, an ALJ should nonetheless "explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases." SSR 6-03p. *See also,* Watson v. Astrue, 2009 WL 2423967 (E.D.N.C. August 6, 2009)(ordering remand when ALJ failed to analyze prior NCDHHS decision).

The undersigned hereby finds that the evidence Plaintiff submitted to the Appeals Council: 1) was not duplicative or cumulative of evidence already in the record; and 2) could possibly change the outcome in this matter. Thus, a remand pursuant to sentence six is appropriate.

Accordingly, it is HEREBY RECOMMENDED that the decision dated November 10, 2008 be remanded for the purpose of considering the new and material evidence presented by Plaintiff.

**Conclusion**

For the reasons discussed above, it is HEREBY RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-43) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-45) be DENIED. Specifically, it is RECOMMENDED that the matter be remanded, pursuant to sentence six of 42 U.S.C. § 405(g), to permit an ALJ to make additional findings in accordance with the foregoing directives.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Wednesday, September 14, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE