IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:10-CV-97-D

| | |
|---|---|
| LENDORA M. BLOUNT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

On September 14, 2011, Magistrate Judge Webb issued a Memorandum and Recommendation ("M&R") [D.E. 48]. In that M&R, Judge Webb recommended that plaintiff's motion for judgment on the pleadings be granted, defendant's motion for judgment on the pleadings be denied, and defendant's final decision denying the request for benefits be remanded to permit the Administrative Law Judge ("ALJ") to make a determination regarding claimant's alleged illiteracy [D.E. 48]. On September 28, 2011, defendant filed objections to the M&R [D.E. 49]. On October 5, 2011, plaintiff filed a response to defendant's objections [D.E. 50].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis removed) (quotation omitted). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the M&R, the record, the briefs, defendant's objections, and plaintiff's response. In the M&R, Judge Webb states that:

> [A]fter the ALJ's decision, Plaintiff submitted additional evidence to the Appeals Council. This additional evidence included an April 15, 2008, decision by the North Carolina Department of Health and Human Services ("NCDHHS") that Plaintiff qualified for Medicaid by virtue of meeting SSI standards found at 20 C.F.R. § 416. This decision was also discussed by Plaintiffs counsel in her January 14, 2009 letter to the Appeals Council. The letter specifically requested that the Appeals Council consider this additional evidence during its review of the ALJ's decision.

M&R at 6 (citations omitted). Defendant objects and states that the plaintiff's new evidence is not new and material. See Def.'s Obj. 1–3.

As Judge Webb noted, the defendant failed to "explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial reconsideration cases." See M&R at 10. Thus, Judge Webb recommends that the case be remanded for a determination under sentence six of 42 U.S.C. § 405(g). This court agrees with Judge Webb's recommendation. In doing so, the court expresses no opinion on how the defendant should view the evidence or what findings defendant should make. These issues are for defendant to consider and resolve.

In sum, the court adopts the conclusions in the M&R [D.E. 48]. Defendant's objections [D.E. 49] are OVERRULED, plaintiff's motion for judgment on the pleadings [D.E. 43] is GRANTED, defendant's motion for judgment on the pleadings [D.E. 45] is DENIED, and the action is REMANDED to the Commissioner for proceedings consistent with this order.

SO ORDERED. This 24 day of October 2011.

JAMES C. DEVER III
Chief United States District Judge